### STARR PIANO CO. v. MARTHA J. EDGAR.

1. PAROL PROOF COMPETENT TO SHOW SATISFACTORINESS OF SUBJECT OF CONDITIONAL SALE IN ACTION UPON NOTE.

Parol evidence in an action between immediate parties on a promissory note is admissible under Sec. 3171o Rev. Stat. to show that it was not delivered with intent to have effect, or if it took effect at all that it was contingent upon the happening of a given event subsequent to its delivery, as for instance the satisfactoriness of an article sold upon conditional sale.

2. STATEMENT OF CHATTEL MORTGAGE AS TO DELIVERY OF NOTES SECURED NOT CONCLUSIVE ON MAKER.

A chattel mortgage, being merely an incident of the debt it secures, its declaration that notes have been delivered, does not remove them from the scope of Sec. 3171o Rev. Stat. so as to conclude the maker from showing that their effect was to be dependable upon the performance of certain conditions subsequent.

ERROR to Lucas common pleas court.

**Rheinfrank & Ohlinger,** for plaintiff.
**W. G. Ulery,** for defendant.

KINKADE, J.

This was an action in the court below to recover the price of a piano alleged to have been sold to the defendant by the Starr Piano Company. Judgment below was rendered for the defendant and the case is here on error to reverse this judgment. Counsel stated in opening the case that the main ground of error is, that the verdict was not supported by the evidence and is against the evidence; also, that incompetent evidence, parol evidence, was admitted to vary the terms of a written contract. I may say that in the matters other than those two points we find no error, and we may dismiss the balance of this case.

On this point of the evidence, not being sufficient to sustain the verdict, and on the incompetency of the evidence, we have given the case and the authorities cited by counsel as close attention as we can give it. It is contended, taking up first the question of the incompetent evidence said to have been admitted, that inasmuch as the defendant in the case, Martha J. Edgar, went to the store of the Starr Piano Company, and there had some form of negotiations or dealing or talk that

resulted in the execution of forty-five or forty-six notes and a chattel mortgage securing the same, that any parol evidence as to what took place at the time between the representatives of the Starr Piano Company and the signer of the notes and the mortgage must be excluded; that the maker of the notes and mortgage is entirely concluded by the written contract thus evidenced by the notes and by the mortgage, and that the parol proof which sought to attach a condition, to wit, that Mr. Edgar should be satisfied with the price, if not with the piano, was wholly incompetent, and I think it may be conceded that without that proof the judgment could not, of course, be maintained.

It is contended here by the plaintiff in error that there is clear prejudicial error on the part of the court in admitting that proof. Our attention is called to *Beecher* v. *Dunlap*, 52 Ohio St. 64 [38 N. E. Rep. 795]. The first clause of the syllabus is as follows:

"Evidence of a parol agreement made at the execution and delivery of a note, by which it is not to be operative, unless, within a given time, the makers are able to realize a given sum of money from property purchased, and for which the note was given, is not competent."

This is a case in which a note was given for a patent right and it was sought to prove in defense of an action brought to recover on the note, that there was a verbal agreement at the time that if the party were not able to make $1,750, if I have that amount correct, out of the patent by the time the note fell due, the note was to be null and void. and the Supreme Court said this evidence, relating to a condition subsequent, violated a written contract, and was at variance with the rule that parol evidence should not be permitted to disturb the certainty of a contract reduced to writing. And counsel cites this case as authority for the present case.

It is contended by counsel on the other side that this evidence is competent for the reason that it tends to show that no agreement was ever entered into and that any evidence which thus tends is competent. If it is evidence that tends to show that the notes and mortgage were delivered for a specific purpose, but were not to become operative until the happening of an event, that that must be held to be a condition precedent, and evidence of that kind is admissible for the reason that it tends to show that no contract ever existed at all; it does not vary the contract, but simply shows that no contract ever existed, and we are cited to a large number of authorities on that point collected in the digest, and Secs. 578 *et seq.* of Elliott, Evidence, and a large number of authorities, all of which we have examined and a good many of which may perhaps justly be claimed to be at variance with *Beecher* v. *Dun-*

Piano Co. v. Edgar.

*lap, supra.* But counsel for the defendant in error contends that no matter what the rule may be on the law generally, that he is not obliged to rest the defense on that ground on account of the peculiar wording of our negotiable instrument law which took effect the first day of January, 1903, and particularly as found in Sec. 3171o Rev. Stat. That section reads,

"Every contract on a negotiable instrument is incomplete and revocable until delivery of the instrument for the purpose of giving effect thereto. As between immediate parties, and as regards a remote party, other than a holder in due course, the delivery, in order to be effectual, must be made either by or under the authority of the party making, drawing, accepting or endorsing, as the case may be; and in such case the delivery may be shown to have been conditional, or for a special purpose only, and not for the purpose of transferring the property in the instrument. But where the instrument is in the hands of a holder in due course, a valid delivery thereof by all parties prior to him so as to make them liable to him is conclusively presumed. And where the instrument is no longer in the possession of a party whose signature appears thereon, a valid and intentional delivery by him is presumed until the contrary is proved."

Under the section the burden, of course, with the notes and the mortgage found in the hands of the Piano Company, of proving they were not delivered and the condition did attach, if admissible at all, is on the defendant in error in this case. We have read the evidence through as to what the witness said concerning this whole transaction. It is a case that was tried to a jury below and a verdict returned for the defendant.

The question first that we have to determine is as to the competency of this evidence, whether you may prove by parol that a promissory note was not intended to have effect, was not delivered so as to have effect, and that if it took effect at all, it was to be on the happening of a given event at a later date subsequent to the delivery. We are very clear that under this section of the statutes that may be done with reference to a promissory note.

It is said, however, that the chattel mortgage in this case excludes such proof, because, by the terms of the chattel mortgage which are set forth in plaintiff in error's brief, the parties have there declared that the notes have been delivered, that they there declared that, which is equivalent to saying that the notes have been delivered and that they have been delivered with a view of taking immediate effect, and that the contract has gone into effect, and consequently that they

Lucas County.

have fixed it by the chattel mortgage as a condition subsequent which takes it out from under the scope of Sec. 3171o Rev. Stat. and places it squarely under the decision of *Beecher* v. *Dunlap, supra.*

There is some force in this contention of counsel and we have considered it and considered it fully, and we think the chattel mortgage is only an incident of the debt, and, regardless of its terms can be held to be nothing more, and if the debt fails the mortgage fails also. The security being only an incident to the debt.

Therefore we find that there is no error in the court of common pleas in admitting the parol proof, for the purpose of establishing a condition which Mrs. Edgar contends existed with reference to the execution and delivery of the notes and mortgage.

And this leaves but the other question, as to whether the evidence in this case sustains the verdict for the defendant. There is considerable conflict in the evidence between Mr. Robinson and Mr. Wheeler and Mrs. Edgar as to what took place, and between Mrs. Bergeron and Mrs. Price and the other ladies at whose house she called, as to what she said there along the line of impeaching her testimony. There is a good deal of conflict in the evidence and we think it is precisely the kind of a case that a jury is far better qualified to settle than a court. We have read it with a view of determining whether the evidence in the case sustains the verdict. Every presumption is in favor of the verdict and we should not disturb it, unless it is manifestly against the weight of the evidence. We have read the evidence with care and some points perhaps in the argument of counsel for plaintiff in regard to the evidence may be said to be well taken, but upon the whole we think the evidence in this case justifies the verdict, and we are very clear that the evidence does not justify this court in disturbing the verdict, and for that reason the judgment of the court of common pleas rendered upon this verdict will be affirmed.

**Parker** and **Wildman, JJ.,** concur.